C. B. GODWIN, BY HIS NEXT FRIEND, B. H. GODWIN, *Plaintiff in Error, v.* R. L. COLLINS, *Defendant in Error.*

Opinion Filed March 12, 1914.

1. In an action at law for the recovery of damages for personal injuries alleged to have been inflicted upon the plaintiff by the defendant striking him on the head with an axe, where the defendant, under his plea of not guilty, seeks to show that he struck the plaintiff in self-defense and introduced testimony to the effect that he had reason to believe from the actions of the plaintiff that the plaintiff was about to draw a pistol upon him, the defendant, no error is commit-

ted in sustaining the defendant's objection to the following question propounded to the plaintiff: "Did you have a pistol on the day that Mr. Collins struck you?" It was immaterial whether the plaintiff actually had a pistol in his possession at that time or not. The point to be determined from the testimony was whether or not the defendant had reason to believe that the plaintiff had a pistol in his possession and was about to draw the same upon the defendant.

2. In passing upon an assignment questioning the correctness of the ruling of the trial court in denying the motion for a new trial, which is based upon the sufficiency of the evidence to sustain the ʋ _uct, the guiding principle for an appellate court is not what it may think the jury ought to have done, or what such court may think it would have done, had it been sitting as a jury in the case, but whether, as reasonable men, the jury could have found such a verdict. If this question can be answered in the affirmative, the action of the trial court upon such motion should not be disturbed.

Writ of Error to Circuit Court for Madison County; M. F. Horne, Judge.

Judgment affirmed.

*R. H. Rowe,* for Plaintiff in Error;

*C. E. Davis,* for Defendant in Error.

SHACKLEFORD, C. J.—G. B. Godwin, a minor, by his next friend, B. H. Godwin, brought an action at law against R. L. Collins, whereby the plaintiff sought to recover damages for personal injuries alleged to have been inflicted upon him by the defendant striking him in the head with an axe. No point is made on the pleadings, so it is unnecessary to set them out. The defendant filed a plea of not guilty, upon which issue was joined and a trial was had before a jury, which resulted in a verdict

and judgment in favor of the defendant, which judgment the plaintiff has brought here for review. Two errors are assigned, the first of which is as follows:

"1. The court erred in sustaining defendant's objection to the following question propounded by plaintiff to G. B. Godwin, 'Did you have a pistol on the day that Mr. Collins struck you?' "

The plaintiff had testified upon his cross-examination that on the day before he was struck by the defendant he had a pistol belonging to a darkey which the defendant had seen in his possession. The defendant had testified in his own behalf to the effect that he struck the plaintiff in self-defense, believing that he was about to draw a pistol upon him, the defendant, from the motion which the plaintiff made, that he, the defendant, had reason to believe that the plaintiff had a pistol in his possession, having recently seen him with one. The plaintiff was recalled in rebuttal and asked the following question: "Did you have a pistol on the day Mr. Collins struck you?" The defendant objected to such question and the trial court sustained the objection, to which ruling the plaintiff excepted and this forms the basis for the assignment. No error has been made to appear in this ruling. It was immaterial whether the plaintiff actually had a pistol in his possession at the time he was truck by the defendant or not. The point to be determined from the testimony was whether or not the defendant had reason to believe that the plaintiff had a pistol in his possession and was about to draw it upon the defendant at the time defendant struck him. No discussion upon this point is called for. See Howell v. State, 66 Fla. 210, 63 South. Rep. 421.

The remaining assignment is based upon the overruling of the motion for a new trial, which questions the

sufficiency of the evidence to support the verdict. While there are conflicts in the evidence, we have no hesitation in declaring that the jury could well have rendered the verdict for the defendant. See Florida East Coast Ry. v. Geiger, 66 Fla. 582, 64 South. Rep. 238.

Judgment affirmed.

TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.