Stuart J. Shriner, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 8, 1978, before Judges CRUMLISH, JR., BLATT and MACPHAIL, sitting as a panel of three.

*Lawrence H. Rudick*, with him *Dianne Upson*, for petitioner.

*Reese F. Couch*, Assistant Attorney General, with him *Gerald Gornish*, Acting Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., May 2, 1979:

Stuart J. Shriner (Claimant) appeals a decision of the Unemployment Compensation Board of Review (Board) which, after remanding for additional testimony, reversed a referee's decision awarding benefits and we now affirm the Board.

Board found that Shriner voluntarily terminated employment because of dissatisfaction with salary and work responsibilities and denied benefits pursuant to Section 402(b)(1) of the Unemployment Compensation Law (Act)[1] in that unemployment was voluntary and not caused by reason of a necessitous and compelling nature. Shriner argues that competent evidence does not support Board's finding but rather clearly indicates that he was forced to terminate employment by reason of being compelled to illegally dispense medication to emotionally disturbed patients at the Devereux Foundation where he was employed as a resident counselor.

Shriner's signed resignation notice, his response to the Bureau of Employment Security questionnaire, and portions of his testimony indicate that his reason for leaving Devereux was dissatisfaction with promotional opportunities and pay. Claimant's attempt to discredit this evidence was deemed to lack credibility. Our review of the record convinces us that the Board based its denial on competent evidence.

Where, as here, competent evidence supports Board's finding, we have held that job dissatisfaction is not necessitous and compelling reason to quit. *Knox v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 588, 317 A.2d 60 (1974).

Claimant argues where, as here, credibility is a key issue, Board is required to give considerable weight to referee's findings because of opportunity to observe the witness. We have repeatedly held that the weight of evidence is a matter for the Board as the ultimate fact finder. *Roach v. Unemployment Compensation Board of Review,* 31 Pa. Commonwealth Ct. 424, 376 A.2d 314 (1977).

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

Claimant's final contention revolves around the fact that Employer failed to appear at the scheduled referee's hearing. After receiving notice of the referee's adverse determination, Employer sent a letter to referee demanding that the matter be turned over to higher authorities. The Board, upon receipt of the letter, remanded for additional testimony. Claimant argues that Employer was required to state "proper cause" for failing to appear and that Board was required to make a decision on "re-opening" before remanding for additional testimony pursuant to regulations found at 34 Pa. Code §101.24.

We disagree.

Where, as here, the referee had before him evidence in the form of signed employer and employee exhibits which could support Employer's position and where the employee had the burden of proving he was forced to quit for reasons of a necessitous and compelling nature, we see no reason to require the re-opening because of Employer's physical absence. Also relevant to our determination was the fact that no objection to Employer's absence was made at the referee's hearing.

We conclude that Employer's letter was merely a petition of appeal and properly treated as such pursuant to 34 Pa. Code §101.104(c) and (d).

Both parties were properly notified of the date of the remand hearing and were given an opportunity to present testimony at the remand hearing. The decision to grant a remand is within Board discretion pursuant to the regulations found at 34 Pa. Code §101.104.

Accordingly, we

ORDER

AND NOW, this 2nd day of May, 1979, the decision of the Unemployment Compensation Board of Review, No. B-147756 with mailing date of July 25, 1977, is affirmed.