Borough of Tyrone, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 7, 1980, before Judges WILKINSON, JR., CRAIG and WILLIAMS, JR., sitting as a panel of three.

*James H. Bigelow*, for petitioner.

*Elsa D. Newman-Silverstine*, Assistant Attorney General, with her *Richard Wagner*, Chief Counsel, and *Edward G. Biester, Jr.*, Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., June 4, 1980:

This is an appeal by the Borough of Tyrone (borough) from a decision of the Unemployment Compensation Board of Review (Board) awarding benefits to claimant following his discharge from the Tyrone Police Department. We affirm.

Claimant had been employed by the borough as a patrolman since May 1, 1972. Based on charges made by the chief of police that claimant had been observed sleeping on duty, the borough council converted an earlier suspension into a formal dismissal on February 12, 1979. The Bureau of Employment Security[1] found claimant ineligible for benefits due to conduct deemed willful misconduct under Section 402(e) of the

---

[1] Pursuant to a recent reorganization, the Bureau of Employment Security has been renamed the Office of Employment Security. *See* 9 Pa. B. 2879 (1979).

Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). Following two hearings, the Board concluded otherwise and made the award of benefits from which the borough here appeals.[2]

As this Court has previously held, sleeping on the job may constitute willful misconduct absent a showing that employer either permits or tolerates such conduct. *Markley v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 148, 407 A.2d 144 (1979). The Board here, however, specifically found that claimant was not sleeping while on duty as charged.[3]

Since the borough as employer was the burdened party on the issue of willful misconduct and did not prevail before the Board "our scope of review is limited to a determination of whether the Board's findings of fact can be sustained absent a capricious disregard of competent evidence." *Sun Oil Co. v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 21, 25, 408 A.2d 1169, 1170 (1979). (Footnote omitted.) While there was testimony offered before the hearing officer to substantiate the borough's

[2] A hearing before a referee was originally conducted on March 2, 1979 at which the claimant and his wife were the only witnesses present. Pursuant to an order of the Board the case was remanded to a hearing officer for the taking of additional testimony. Appearances were made on behalf of both parties at this later hearing conducted on May 14, 1979.

[3] Testimony was developed at the second hearing concerning other charges of misconduct which the Board also found against the borough. The substance of these additional charges apparently played no part in the decision of borough council to discharge claimant, their details only coming to light during hearings before the Tyrone Civil Service Commission on the propriety of the discharge. Although the discussion in the body of this opinion would apply equally with respect to these other charges we think under the circumstances they are not properly before us.

charge, claimant specifically and emphatically denied sleeping on duty; the Board obviously chose to believe the police officer's version of the events. To accord greater credibility to one witness' testimony than to that presented by others is simply a manifestation of the Board's fact-finding role and does not constitute a capricious disregard of evidence.

Accordingly, we will enter the following

ORDER

AND Now, June 4, 1980, the order of the Unemployment Compensation Board of Review at Decision No. B-173457, dated June 21, 1979 is hereby affirmed.