Pasco Mariano, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 9, 1981, before President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*Robert Freeman*, with him *Terrence J. Herron*, for petitioner.

*Charles G. Hasson*, Assistant Attorney General, with him *Richard Wagner*, Chief Counsel, and *Harvey Bartle, III*, Acting Attorney General, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, July 24, 1981:

Pasco Mariano, while on strike against his employer, was discharged for physically assaulting a fellow non-striking employee. Mariano appeals the Unemployment Compensation Board of Review's determination that he is ineligible for benefits due to willful misconduct.[1] We affirm.

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

Mariano unsuccessfully contends that the Board improperly remanded the record to a referee for additional testimony. The law is clear that the decision to grant a remand is strictly within Board discretion. *Shriner v. Unemployment Compensation Board of Review*, 42 Pa. Commonwealth Ct. 368, 400 A.2d 934 (1979); 34 Pa. Code §§101.104 and 101.108. A close examination of the record reveals no abuse of this broad discretion.[2]

Mariano also asserts that his actions do not constitute willful misconduct. Although conflicting testimony was presented, the Board, within its province, chose to believe witnesses who testified that Mariano physically attacked another employee. We have long held that such conduct constitutes willful misconduct.[3] *Wisniewski v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 332, 383 A.2d 254 (1978).

Affirmed.

ORDER

The decision of the Unemployment Compensation Board of Review, No. B-173340, dated June 19, 1979, is affirmed.

---

[2] *Flanagan v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 120, 407 A.2d 471 (1979) is distinguishable. That case did not address the propriety of a remand, but dealt with reconsideration of Board decisions under 34 Pa. Code §101.111.

[3] We find no merit in Mariano's contention that he could not act against his employer's interest because he was on strike since he was still employed and his actions prevented another employee from carrying out the employer's work assignments.