Maurice E. SMITHSON, Appellant
(Defendant below),

v.

REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION and Winona Memorial Hospital, Appellees (Plaintiffs below).

No. 2–1082A340.

Court of Appeals of Indiana,
Second District.

April 5, 1983.

Judith A. Hawley, Lisa R. Cheatham, M. Patricia Smith, Legal Services Organization of Indiana, Inc., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellees.

SHIELDS, Judge.

Maurice E. Smithson (Smithson) appeals the decision of the Review Board of the Indiana Employment Security Division (Board) which found him ineligible for unemployment compensation because he was discharged for just cause pursuant to I.C. 22–4–15–1 (Burns Code Ed., Supp.1982). On appeal Smithson contends the decision of the Board is contrary to law because the findings of fact do not support the Board's determination.

We reverse and remand.

When evaluating the sufficiency of the findings of fact on which the Board bases its decision this court must determine whether the findings of fact contain all the specific facts relevant to the contested issue or issues. Only then may this court determine whether the Board has resolved those issues in conformity with the law. *Whispering Pines Home for Senior Citizens v. Nicalek,* (1975) 157 Ind.App. 478, 479, 333 N.E.2d 324, 326. The findings of fact before us fail to meet this standard.

The referee's decision, adopted by the Board, appears to determine Smithson's discharge was for just cause under alternative bases: one, violating an employer rule and two, breaching a duty in connection with work which is reasonably owed an employer by an employee.

The first basis is not supported by the findings in at least two respects. The employer rule concerns discharge for fighting as the aggressor. The Board failed to address this issue in its findings, *i.e.,* it failed to find Smithson's conduct fell within the rule. The findings merely recite the employer made an effort to determine who was the aggressor and was unable to do so. Also, there was no finding by the Board regarding the uniform enforcement of the rule nor its reasonableness. *Barnett v. Review Board of Indiana Employment Security Division,* (1981) Ind.App., 419 N.E.2d 249.

■ The second basis is also unsupported by the Board's findings. We agree with other courts which have held,

"[P]articipation in a fight during working hours is willful misconduct, whether it is in violation of a stated company policy or not, since at a minimum it rises to the level of a disregard of justiciably expected standards of behavior and of the employer's interests. *Unemployment Compensation Board of Review v. Vojtas,* 23 Pa.Comwlth. 431, 351 A.2d 700 (1976)."

*Kilpatrick v. Unemployment Compensation Board of Review,* (1981) 59 Pa.Comwlth. 201, 429 A.2d 133, 134. *See also Mariano v. Unemployment Compensation Board of Review,* (1981) 61 Pa.Cmwlth. 38, 432 A.2d 650; *Perez v. Unemployment Compensation Board of Review,* (1981) 58 Pa.Comwlth. 282, 427 A.2d 763.

■ Thus, as a general rule an employee reasonably owes a duty to his employer to refrain from fighting on the employer's premises during working hours. However, the general rule will not suffice to support a determination of just cause for discharge where there is an issue of self-defense raised by the claimant-employee as in the instant case.

The same Pennsylvania court which found a duty upon an employee to refrain from fighting on his employer's premises during working hours has also upheld the award of unemployment benefits where self-defense was successfully raised and proven. *Sun Oil Co. v. Unemployment Compensation Board of Review,* (1979) 48 Pa.Comwlth. 21, 408 A.2d 1169. In *Sun,* the initial determination by the Bureau of Employment Security and the referee was that the employee

"had been fired for fighting with another employee after having struck the first blow. The referee concluded that his discharge was the natural consequence of fighting on company property and that that was an obvious breach of a duty

owed to the employer and inimical to the employer's best interest."

*Sun,* 408 A.2d at 1170. The Pennsylvania Board reversed the lower decisions and found the employee entitled to benefits because he acted in self-defense.

The employer appealed and the court held:

"It was entirely proper for the Board to have accorded weight to [the employee's] testimony, that, considering the sensitivity of the language directed at him coupled with the gesture toward an unseen device and prior threats, he feared an imminent attack on his person. A reasonable belief of imminent bodily harm and feared danger of an assault justifies reasonable retaliatory force."

*Id.* at 1171 (footnote omitted). *See also Brown v. Lockwood,* (1980) La.App., 380 So.2d 685.[1]

■ The Board failed to make any finding of basic fact on the issue of self-defense to support its conclusion Smithson was discharged for just cause. When an award is negative, the Board's findings should exclude every possibility of recovery that is in issue. *Wolfe v. Review Board of Indiana Employment Security Division,* (1978) Ind.App., 375 N.E.2d 652.

The decision is reversed and this action is remanded to the Board for proceedings not inconsistent with this opinion.

Reversed and remanded.

BUCHANAN, C.J., and SULLIVAN, J., concur.

---

1. We express no opinion as to whether very unusual circumstances might exist such that even fighting in self-defense would constitute a disregard for an employer's interests and a breach of a duty owed to the employer.

*Cf. Yoldash v. Review Board of Indiana Employment Security Division,* (1982) Ind.App., 438 N.E.2d 310 (discussion of when abusive language may or may not constitute just cause for discharge).