Nila M. SCHOLL, Claimant-Appellant,

v.

REVIEW BOARD OF the INDIANA EM-
PLOYMENT SECURITY DIVISION
and Delaware County Health Center,
Employer of Claimant, Appellees.

No. 2–883 A 309.

Court of Appeals of Indiana,
Third District.

March 26, 1984.

Daniel J. Smith, Dennis K. Frick, East
Central Legal Services, Anderson, for
claimant-appellant.

Linley E. Pearson, Atty. Gen., Gordon R.
Medlicott, Deputy Atty. Gen., Indianapolis,
for appellees.

STATON, Presiding Judge.

The Delaware County Health Center
fired Nila Scholl. After a hearing to deter-
mine whether Scholl was entitled to unem-
ployment benefits, the Appeals Referee af-
firmed the Deputy's denial of benefits.
The Review Board (Board) adopted the ref-
eree's findings and conclusions that Scholl
had been discharged for just cause because
her actions were against the best interests
of her employer and were contrary to her
employer's instructions. On appeal, Scholl
contends that the Board's denial of benefits
was contrary to law because it did not
make a finding of whether or not Scholl
was reasonably provoked to justify her
noncompliance with her employer's instruc-
tions to lower her voice.

Reversed and remanded to make a find-
ing of whether Scholl's actions were justi-
fied due to provocation.

Scholl's contention that the Board's deci-
sion is contrary to law raises two questions
for review. *Graham v. Review Board of
the Indiana Employment Security Divi-
sion* (1979), 179 Ind.App. 497, 499, 386
N.E.2d 699, 701. The first question is

whether the Board's findings were sufficient to conclude that Scholl was discharged for just cause. *Id.* The second question is whether the evidence supports the findings. *Id.* We need not address the second question because the first question is dispositive. The Board adopted the following findings and conclusions.

"FINDINGS OF FACT. The evidence presented indicates that the facts are as follows: Claimant was employed by Delaware County Health Center from April 1, 1982 through August 30, 1982. At the time of separation, claimant was working as a nurse aide. Claimant worked on an as needed basis.

The referee further finds that the claimant was discharged by this employer on August 30, 1982. Several reasons for the discharge were put forth by the employer. However, the referee finds that the claimant was discharged for insubordination. The employer testified that even if the employer had not had other concerns regarding the claimant, the incident involving the alleged insubordination would have resulted in claimant's discharge. Had the incident involving the alleged insubordination not occurred on August 30, 1982, claimant would not have been discharged on that date, although it is quite possible that the other concerns held by the employer would have resulted in the claimant's discharge at a later date.

The referee further finds that the claimant became involved with a discussion involving Ms. Harvey, in Ms. Harvey's office, on August 30, 1982. Ms. Harvey testified that the claimant became quite loud during this conversation and that claimant was requested to lower her voice several times. Claimant did not comply. Ms. Harvey's testimony was substantiated by two witnesses, Mr. Rex Nash and Ms. Sharrone Earley. Ms. Earley testified that claimant was disrespectful to Ms. Harvey.

CONCLUSION: The referee concludes that the claimant was discharged for just cause within the meaning of Chapter 15, Section 1 of the Indiana Employment Se-

curity Act. Claimant was acting against the best interests of her employer and contrary to the employer's instructions when she did not lower her voice when engaged in conversation with Ms. Harvey on August 30, 1982."

Pursuant to IC 1982, 22–4–15–1(e)(8), a breach of any duty in connection with work which is reasonably owed an employer by an employee constitutes discharge for just cause. *Id.* Scholl contends that the Board was required to make a finding of no provocation before it could conclude that she was justly discharged for insubordination. She asserts that whether or not she was provoked is a fact relevant to the issue of whether her raucous behavior constituted discharge for just cause.

■ Scholl correctly contends that the findings of fact on which the Board bases its decision must contain all the specific facts relevant to the contested issues. *Smithson v. Review Board of the Indiana Employment Security Division* (1983), Ind.App., 446 N.E.2d 1014, 1015. The referee's decision adopted by the Board which determined that Scholl's discharge was for just cause due to insubordination lacks specific facts and a finding that Scholl was or was not provoked.

■ Insubordination may be a proper basis for just discharge. *Yoldash v. Review Board of the Employment Security Division* (1982), Ind.App., 438 N.E.2d 310. In *Yoldash,* the Court set forth an extensive summary of decisions from other jurisdictions concerning just discharge for insubordination. Several jurisdictions considered various factors to decide whether the insubordination constituted discharge for just cause. Although not conclusive, these factors include: the quantity of vulgar or profane language; the number and length of outbursts; the degree of severity of words used; the use of the language in the presence of other employees; whether the language was directed to a supervisor or to other persons; and, whether the offensive conduct was provoked. *Yoldash, supra* at 314.

Most cases in which insubordination was determined to be a proper basis for discharge involved a number of reasons for the discharge of which the insubordination was only one. *Id.* Scholl was found to have been discharged solely on the insubordination charge.

When an award is negative, the Board's findings should exclude every possibility of recovery that is in issue. *Smithson, supra* at 1016. In *Smithson,* the Court determined that although as a general rule an employee owes a duty to his employer to refrain from fighting on the employer's premises during working hours, the rule will not suffice to support a determination of just cause for discharge where there is an issue of self-defense raised by the claimant. *Id.* Because the Board in *Smithson* failed to make a finding of basic fact on the issue of self-defense to support its conclusion that discharge was for just cause, the Court reversed and remanded the case for such a finding. *Id.* Similarly, the Board in Scholl's case should have made a finding of basic fact concerning provocation. *See Ball v. Review Board* (1983), Ind.App., 460 N.E.2d 1030 (1983). It is not within the powers of this Court to make a finding of fact. *Wolfe v. Review Board of the Indiana Employment Security Division* (1978), 176 Ind.App. 287, 375 N.E.2d 652.

Reversed and remanded to make a finding of whether Scholl's actions were justified due to provocation.

GARRARD, J., concurs.

HOFFMAN, J., concurs in result.