LAKE COUNTY ASSESSOR'S OFFICE, Appellant,

v.

REVIEW BOARD OF the INDIANA DEPARTMENT OF EMPLOYMENT AND TRAINING SERVICES, Anthony C. Guido, Joe A. Harris and Nanette L. McDermott as Members of the Review Board and George Kovacich, Appellees.

No. 93S02–9010–EX–695.

Supreme Court of Indiana.

Oct. 30, 1990.

James B. Meyer, Gary, for appellant.

Donald R. Capp, James, James and Manning, Dyer, for appellees.

ON CIVIL PETITION TO TRANSFER

GIVAN, Justice.

In a memorandum decision, the Court of Appeals affirmed the Review Board of the

Indiana Department of Employment and Training Services decision that George Kovacich's discharge was not justified under the facts of the case. 551 N.E.2d 483.

Kovacich had been employed by the Lake County Assessor's Office for nine years. His duties included taking inventories of safe deposit boxes in Lake County banks. On January 1, 1987, a new assessor assumed office and immediately called a staff meeting to institute new rules, which included: a requirement that male employees wear a tie to work, prohibited personnel conducting personal business on the work premises, institution of a sign-in/sign-out sheet, and instructions to maintain past practices unless they were illegal, unfair, or did not make good business sense.

It apparently had been a long-standing practice for employees, including Kovacich, to make out all travel vouchers as though each trip originated in Crown Point regardless of the actual point of origin. When this practice came to the attention of the new assessor, employees were notified that such practice could be fraudulent if the actual mileage travelled was less than the mileage turned in on the voucher.

In Kovacich's case, the trips actually originated in Munster and most destinations were closer to Munster than they were to Crown Point. When the Assessor called this to Kovacich's attention, he refused to correct vouchers which he already had submitted. Kovacich did agree that in the future he would make out vouchers with the actual mileage travelled.

On several occasions the Assessor advised Kovacich that he must correct the submitted vouchers. However, Kovacich steadfastly refused to make such changes stating that was the way he had done it for nine years and the corrections would not be made.

Kovacich now claims that the Board made findings of fact in his favor, which this Court should not override. As pointed out by the majority opinion in the Court of Appeals, it in fact would be improper for that court or this Court to reweigh facts found by the Board. *Wampler v. Review Board of Ind. Emp. Sec. Div.* (1986), Ind. App., 498 N.E.2d 998.

However, as pointed out by Judge Baker in his dissenting opinion in the Court of Appeals, the situation regarding the travel vouchers was not a disputed fact. There is no question that the vouchers at issue claimed mileage that was not correct and in fact overstated the actual miles travelled. The fact that this practice had continued for some nine years is of course no excuse for its continuation nor does it change the fact that the vouchers, as made out, constituted a falsified mileage claim.

Several other acts of insubordination were cited to the effect that Kovacich did not use the sign-in/sign-out sheet as required, refused to wear a tie, had personal visitors at the office, and used profanity. Some of these items were disputed by Kovacich; others were not. In any event, as pointed out by Judge Baker, when the improper mileage vouchers were called to Kovacich's attention and he refused to correct them, he was refusing to obey a reasonable instruction by his supervisor. Such conduct is cause for discharge. *Scholl v. Review Board* (1984), Ind.App., 461 N.E.2d 691.

Among the Board's findings was "[e]mployer's demand that [Kovacich] amend his mileage claims, which were submitted pursuant to then-in-force rules, was unreasonable, arbitrary and without just cause." Whether the mileage vouchers were submitted as per "then-in-force rules" is entirely beside the point. The question is: Did the vouchers reflect the correct mileage or inflated mileage? If the mileage was inflated, the vouchers were fraudulent and no amount of long-standing practice or a so-called rule can change that fact.

The Assessor's request that the vouchers be amended to accurately reflect the actual mileage travelled was not only entirely reasonable but was required by law. To have approved the falsified vouchers would have made the Assessor a party to the fraud. Whatever other reasons the Assessor might have had for discharging Kovacich, his admitted refusal to change the errone-

ous vouchers was ample ground for his discharge.

We find that the Lake County Assessor's Office had just cause to terminate Kovacich. The decision of the Court of Appeals is set aside and the Review Board is reversed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.