951 F.2d 114
 George KOVACICH, Plaintiff-Appellee, Cross-Appellant,
v.
Peter BENJAMIN, individually and in his capacity as Lake
County Assessor, Lake County Assessor's Office,
and Lake County, Indiana,
Defendants-Appellants, Cross-Appellees.
 Nos. 90-3678, 90-3759.
 United States Court of Appeals,
Seventh Circuit.
 Argued Oct. 30, 1991.
Decided Dec. 12, 1991.
 
 Donald R. Capp (argued), James, James & Manning, Dyer, Ind., for plaintiff-appellee, cross-appellant.
 James B. Meyer (argued), King & Meyer, Gary, Ind., for defendants-appellants, cross-appellees.
 Before EASTERBROOK, RIPPLE and KANNE, Circuit Judges.
 KANNE, Circuit Judge.
 
 
 1
 George Kovacich brought this action under 42 U.S.C. §§ 1983 and 1988. He alleges that the defendants, Peter Benjamin, individually and in his capacity as the Lake County (Indiana) Assessor, and the County of Lake, violated 29 U.S.C. § 621 and the first amendment by terminating his employment because of his age and political affiliation. The jury found in favor of Kovacich on his political firing claim, but against him on his age discrimination claim. Defendants now appeal from the judgment entered on the verdict, arguing that the magistrate judge erred in his refusal to give an instruction stating that Indiana law prohibits county employees and the county officials for whom they work from submitting or approving false mileage claims.
 
 
 2
 The facts of this case are essentially not in dispute. Kovacich worked as a deputy assessor in the Lake County Assessor's office from January, 1977 to March, 1987. Prior to January 1, 1987, Kovacich's ultimate supervisor was Assessor Michael Jankovich. On January 2, 1987, Peter Benjamin assumed the duties of Lake County Assessor. Benjamin effectively won the position after defeating Jankovich in a heated Democratic primary election. All employees of the Assessor's office, including Kovacich, had outwardly participated in Jankovich's Democratic primary reelection campaign, and Benjamin was fully aware of this support by the time he took office.
 
 
 3
 On January 20, 1987, Kovacich submitted a mileage claim for his work for the Assessor's office. The personnel in the Assessor's office denied his claim, alleging that Kovacich listed the government center in Crown Point, Indiana as the point of origin of his business travel--rather than his residence--and thereby falsely inflated the mileage he actually travelled. When Kovacich was asked to refile a corrected claim, he refused, arguing that he completed his mileage claim as he had always done under the Jankovich administration; he did, however, agree to fill out future mileage claim forms in compliance with the new policy. Kovacich was then informed that he would be fired if he did not correct his claims. Kovacich again refused to make any corrections and was discharged by Benjamin from his employment on March 2, 1987.
 
 
 4
 At trial, the defendants denied the allegations of unlawful motivation and contended that Kovacich was fired for insubordination and illegal conduct. The defendants twice moved for directed verdicts--first at the close of the plaintiff's case, and then again at the close of all the evidence--but both motions were denied. The defendants also objected to the content of the instructions given to the jury, including the omission of certain instructions tendered by the defendants. The jury returned a verdict against Kovacich on his age discrimination claim, but in his favor on the political firing claim. On November 1, 1990, the magistrate entered judgment for Kovacich and against the defendants for $75,000.00 in compensatory damages, $5,000.00 in punitive damages, $19,542.50 in attorney's fees, and $313.20 in litigation expenses.
 
 
 5
 The defendants now contend that the magistrate judge committed reversible error by refusing to give their tendered instruction that Indiana law prohibits county employees and officials from submitting, signing or approving mileage claims known to be false. Specifically, their proposed instruction read as follows:
 
 
 6
 The law in Indiana prohibits a county employee from submitting a false mileage claim for payment. It is also against the law in Indiana for a county employee to knowingly sign a mileage claim which he knows to be false. It is likewise illegal for a public official to approve for payment a mileage claim that he knows to be false. Furthermore, a public official cannot legally give a county employee permission to file false mileage claims.
 
 
 7
 In refusing to give this instruction, the magistrate judge explained that such an instruction would be improper because the law in Indiana did not clearly describe that conduct such as Kovacich's was illegal. The magistrate, however, did provide the jury with general instructions concerning an employer's right to dismiss an employee for legitimate business reasons:
 
 
 8
 However, if the defendants reasonably believed that they had the right to discharge the plaintiff for business reasons, and acted in good faith on the basis of this belief, then their reasonable belief and good faith action would constitute a defense to the plaintiff's claim of an unlawful political discharge.
 
 
 9
 . . . . .
 
 
 10
 When you are considering what factors were involved in the decision to terminate the plaintiff, you must understand that as long as the defendants exercised their business judgment and did not terminate the plaintiff for discriminatory reasons, the defendants had a right to dismiss the plaintiff based on their judgment even if that judgment later proved to be incorrect, was based on an honest mistake, or even if you disagree with that business judgment.
 
 
 11
 We agree with the defendants' contention that the magistrate judge erred by refusing to give the instruction which discussed the Indiana law governing false mileage claims.
 
 
 12
 While it is true that the court enjoys broad discretion in determining an appropriate jury charge, a tendered instruction which is essential to the jury's understanding of the case and not adequately covered by other instructions should not be omitted. Brandes v. Burbank, 613 F.2d 658, 668 (7th Cir.1980). Accordingly, we review an allegedly erroneous omission of an instruction with an eye towards the adequacy of the instructions actually given. General Leaseways Inc. v. National Truck Leasing Ass'n, 830 F.2d 716, 725 (7th Cir.1987) ("[i]t is familiar law that we must look to the instructions as a whole, in a common sense manner, avoiding fastidiousness, inquiring whether the correct message was conveyed to the jury reasonably well"). If the substance of the tendered instruction is sufficiently covered by other instructions, the refusal of such an instruction will not ordinarily constitute error. Brandes, 613 F.2d at 669; see also McDonald v. Sandvik Process Systems, Inc., 870 F.2d 389, 395 (7th Cir.1989) ("[r]efusal of instructions on a party's theory is not reversible error if the instruction given adequately presents the party's theory"); General Leaseways, 830 F.2d at 725 (omitting sentence merely emphasizing the meaning of "substantially equal responsibility" language in other charges was not error).
 
 
 13
 When we view the given instructions in their entirety, it is apparent that a more specific instruction on employer liability for approving false mileage claims was necessary to the jury's determination of Benjamin's motive in firing Kovacich. Once the plaintiff met his burden of demonstrating that politics was a motivating factor in his discharge, the success of Benjamin's defense necessarily hinged on his ability to prove that Kovacich was fired for legitimate--rather than political--reasons. The defendant's evidence focused on the theory that Kovacich was fired because he submitted false mileage claims which he refused to correct, thereby exposing Benjamin and those supervisors who worked for him to the danger of prosecution if they verified any uncorrected claims. However, in refusing to charge the jury with the Indiana law pertaining to false mileage claims, their "supervisor liability" theory was severely undercut and rendered almost meaningless. The instruction given which related to "business reasons" for discharge was inadequate under the circumstances of the case; there is no question that a defense grounded on concerns for criminal liability is far less susceptible to challenge as a guise for hidden political motivations than a defense based on "sound business judgment."
 
 
 14
 Unfortunately, at the time of the trial, the magistrate judge was confronted with a lack of definitive authority regarding Indiana law as it applied to false mileage claims. Subsequently, however, in Lake County Assessor's Office v. Review Board, a case specifically addressing the facts of the instant case, the Indiana Supreme Court made clear the state of the law on false mileage claims as it existed when Kovacich filed his claim:
 
 
 15
 If the mileage was inflated, the vouchers were fraudulent and no amount of long-standing practice or so-called rule can change that fact.
 
 
 16
 The Assessor's request that the vouchers be amended to accurately reflect the actual mileage travelled was not only entirely reasonably but was required by law. To have approved the falsified vouchers would have made the Assessor a party to the fraud. Whatever other reasons the Assessor might have had for discharging Kovacich, his admitted refusal to change the erroneous vouchers was ample ground for his discharge.
 
 
 17
 561 N.E.2d 754, 755-57 (Ind.1990). The Indiana Supreme Court in Lake County did not announce a new legal standard, rather it clarified the law existing at the time Kovacich filed his claim. If such were the case, we could not discuss either Kovacich's or Benjamin's criminal liability for submitting or approving false mileage claims without running afoul of the ex post facto prohibition.
 
 
 18
 Therefore, we conclude that the instructions as given did not fairly and adequately reflect the applicable law based on the evidence and the contentions of the parties. The jury could not properly resolve the conflicting evidence on Benjamin's motive for discharging Kovacich without an instruction on the Indiana law prohibiting the approval of false mileage claims.
 
 
 19
 Accordingly, we REVERSE the judgment in favor of the plaintiff and remand for a new trial. The cross appeal is therefore rendered moot.