Donna S. RATKOVICH, Appellant–
Claimant Below,

v.

REVIEW BOARD OF the INDIANA DE-
PARTMENT OF EMPLOYMENT &
TRAINING SERVICES, Mable Martin–
Scott, Chairperson, George H. Baker
and Mark T. Robbins, as Members of
and as constituting the Review Board
of the Indiana Department of Employ-
ment and Training Services, and Dy-
namic Plastic Co., Appellees–Employer
Below.

No. 93A02–9301–EX–23.

Court of Appeals of Indiana,
Third District.

Aug. 3, 1993.

Jamie Andree and Thomas M. Frohman,
Legal Services Organization of Indiana,
Inc., Bloomington, for appellant-claimant.

Pamela Carter, Atty. Gen., Preston W.
Black, Deputy Atty. Gen., Office of Atty.
Gen., Indianapolis, for appellee-employer.

STATON, Judge.

Donna Ratkovich appeals a decision of
the Review Board of the Indiana Depart-
ment of Employment and Training Services
("Review Board") denying her unemploy-
ment compensation benefits. She presents
two issues for our review:

I. Whether the Review Board made suf-
ficient findings to support its conclu-
sion that Ratkovich was discharged for
just cause.

II. Whether the administrative law
judge failed to adequately develop the
record.

The first of these issues is dispositive.
We reverse and remand for a finding on
provocation.

Ratkovich was employed full time by the
Dynamic Plastic Company from April 2,
1991 to September 1, 1992. During a meet-
ing with managers held September 1, 1992
at Ratkovich's request, she became upset
and walked away. Ratkovich returned to

the office of general manager Michael Gladden and began screaming and cursing. Ultimately, Ratkovich left her employer's premises without permission.

The following day, Ratkovich was informed that her employment with Dynamic Plastic Company was terminated. On September 25, 1992, a claims deputy found that Ratkovich had been discharged for just cause and was ineligible for unemployment benefits. The denial was affirmed by an administrative law judge on October 26, 1992. On November 23, 1992, the Review Board affirmed the decision of the administrative law judge, adopting the findings of fact and conclusions of law which provided in pertinent part:

> *"FINDINGS OF FACT:* The claimant began working for this employer April 2, 1991, and last worked September 1, 1992, and was in shipping and receiving and paid at the rate of five dollars thirty-eight cents ($5.38) per hour worked as a full-time employee, working 37.5 hours per week.
>
> Ms. Cicchitto established by her credible testimony and evidence that the claimant requested a meeting between herself and the general manager on September 1, 1992, and such meeting was held and the claimant requested information regarding a problem that had arisen regarding the scheduling of breaks on the preceding day and a discussion regarding a raise she requested. Ms. Cicchitto established by her credible testimony and evidence that during that meeting the claimant became upset, put out her cigarette, and left the meeting. Ms. Cicchitto established by her credible testimony and evidence that she requested that the claimant stay and complete the discussion and that the claimant indicated that she was 'out of here' and left. Ms. Cicchitto established that she went out and indicated to the claimant that a Fax regarding some paperwork on installing towels was there and the claimant said that she did not need that and returned to Mr. Gladden's office and began yelling, screaming and cursing. Both Mr. Gladden and Ms. Cicchitto established by

their credible testimony and evidence that the claimant was screaming, using foul language, and behaving violently and that thereafter she left the work site. Ms. Cicchitto established by her credible testimony and evidence that the next morning, at approximately 8:00 a.m., the claimant called saying that she had not quit and asking if she had her job to return to and she was advised by Ms. Cicchitto that she did not have her job due to the claimant's actions on the preceding day.

> The claimant established by her admission that she did curse, scream, and was out of control at the work site on September 1, 1992. The claimant established by her credible admission that this behavior occurred at the workplace and she left the work site before her scheduled shift ending and that she did not have the employer's consent or approval to leave when she did. The claimant established by her credible testimony and evidence that she did call the meeting on September 1, 1992, due to dissatisfaction over the method by which breaks had been given and due to her belief that she had not been properly given her breaks on August 31, 1992. The claimant established that she was dissatisfied regarding her rate of pay as compared to those of other workers. The claimant established by her credible testimony and evidence that she did walk off the job at a time when work was available after cursing and screaming at the general manager. Both agree there was work available at the time of the claimant's separation from this employment.

> *CONCLUSIONS OF LAW:* The first portion of the law that applies to this case can be found at IC 22–4–15–1, where it states that persons who are discharged for just cause are not eligible for unemployment insurance benefits and among the definitions set forth in that statute for a discharge for just cause is discharge of an employee for that employee's breach of duty in connection with the work which is reasonably owed an employer by an employee.

The administrative law judge finds and concludes that the employer has established by a preponderance of the evidence of Mr. Gladden and Ms. Cicchitto that the claimant was discharged at a time when work was available. This administrative law judge finds and concludes that the claimant was discharged due to her actions on September 1, 1992, which the claimant admits and both employer representatives agree that the claimant cursed, screamed and behaved violently at the workplace and then left without the employer's consent or approval prior to her shift ending. This administrative law judge finds and concludes that the claimant has admitted she did curse, scream, and leave prior to her scheduling [sic] ending day at the workplace on September 1, 1992, and that she was told by Ms. Cicchitto on September 2, 1992, by telephone she was being discharged due to her behavior on September 1, 1992, which the claimant admitted. This administrative law judge finds and concludes that the employer has credibly agreed that the claimant called a meeting on September 1, 1992, due to her dissatisfaction with the method breaks were given and due to her dissatisfaction regarding no break for her on August 31, 1992, and due to the claimant's dissatisfaction with regard to her rate of pay and that the claimant left in the midst of that meeting and thereafter returned cursing, screaming, and left the work site without anyone's consent or approval prior to her scheduled ending day. Based on the foregoing, this administrative law judge finds and concludes that the employer has established that the claimant breached a duty in connection with her work which she reasonably owed her employer leading to her discharge. This administrative law judge finds and concludes that the employer has established by their credible testimony and evidence that the claimant had a duty in connection with her work to refrain from screaming, cursing, and behaving violently and leaving prior to her scheduled working time and that the claimant breached this duty on September 1, 1992,

leading to her discharge. Based on the foregoing, this administrative law judge finds and concludes that the claimant owed her employer a duty in connection with her work which was reasonable to refrain from cursing and screaming at the general manager and to refrain from stomping off the work site prior to her scheduled working [ending] day. This administrative law judge finds and concludes that the claimant did curse and scream at the general manager and behaved violently and leave [sic] prior to her scheduled ending day. Based on the foregoing, this administrative law judge finds and concludes that the employer has proven by a preponderance of the evidence that the claimant breached a duty in connection with the work which she reasonably owed this employer and that she was thereafter discharged due to this breach of duty. Based on the foregoing, this administrative law judge finds and concludes that the claimant was discharged for just cause and is not eligible for benefits under this claim."

Record, pp. 38–40.

## I.

### Sufficiency of Findings

Ratkovich complains that the Review Board failed to make necessary findings as to (1) whether her outburst was provoked and (2) the exact words used.

Pursuant to IND.CODE 22–4–15–1, a discharged employee is ineligible for unemployment benefits if the discharge was for "just cause." "Just cause" for discharge includes "any breach of duty in connection with work which is reasonably owed an employer by an employee." I.C. 22–4–15–1(d)(8).

Where discharge for just cause is alleged, the employer has the burden of establishing a prima facie case showing just cause, after which it is incumbent on the employee to produce evidence which rebuts the employer's case. *Russell v. Review Bd. of Indiana Dept. of Employment and Training Services* (1992), Ind.App., 586 N.E.2d 942, 947–48. The Review

Board is required to make specific findings of all the facts relevant to the contested issues. *Scholl v. Review Board of the Indiana Employment Security Division* (1984), Ind.App., 461 N.E.2d 691, 692. It is not within the powers of this court to make a finding of fact. *Id.* at 693.

In *Scholl*, this court reviewed the denial of an award to an employee allegedly discharged for insubordination (the employee allegedly failed to lower her voice when engaged in conversation with her employer). This court required a specific finding by the Review Board that Scholl was or was not provoked. This court stated in pertinent part: "When an award is negative, the Board's findings should exclude every possibility of recovery that is in issue." *Id.*

The *Scholl* court additionally noted that several factors are to be considered, including: the quantity of vulgar or profane language, the number and length of outbursts, the degree of severity of words used, the use of the language in the presence of other employees, whether the language was directed to a supervisor or to other persons, and whether the offensive conduct was provoked. In the instant case, the Review Board findings do not reflect a consideration of these factors, including the precise words used by Ratkovich.

The Board failed to make a basic finding of fact as to provocation in support of its determination that Ratkovich was discharged for just cause. Moreover, the findings included none of the words allegedly used by Ratkovich. The findings therefore failed to exclude every possibility of recovery in issue. We reverse and remand for a finding of whether Ratkovich's actions were justified due to provocation.

CHEZEM, J., concurs.

MILLER, J., dissents & files separate opinion.

MILLER, Judge, dissenting.

I dissent because the Ind.Code defines just cause for discharge as "*any* breach of duty in connection with work which is rea-sonably owed an employer by an employee." I.C. 22–4–15–1(d)(8). The majority recognizes that the employer has the burden of establishing a prima facie case showing just cause, *after which it is incumbent on the employee to produce evidence which rebuts the employer's case.* Here, the employer met its burden—it showed that Ratkovich walked off the job without permission (and that it was not the first time she had walked out without permission. R. 24). The second grounds for discharge was her use of foul language and disruptive behavior. At this point, the burden shifted to Ratkovich to justify her leaving the job and/or to raise the defense of provocation. She did neither.

The employer clearly showed Ratkovich breached a "duty in connection with work"—she walked off the job. The law only requires the breach of a single duty to support a discharge for "just cause." Therefore, the requirements of *Scholl, supra*, are not necessary for the adjudication of this case.

While an administrative law judge at an administrative hearing must sufficiently develop the facts and issues to allow for a reasonable disposition of the case, she is not the client's advocate. *Jones v. Review Board of the Indiana Employment Security Division* (1991), Ind.App., 583 N.E.2d 196; *Richey v. Review Board of the Indiana Employment Security Division* (1985), Ind.App., 480 N.E.2d 968. Like the administrative law judge in *Richey*, the judge in this case questioned all the witnesses and offered Ratkovich the opportunity to add any information she wished to add. The administrative law judge met the *Richey* standard, as her extensive findings show.

These findings, which were adopted by the Review Board, are sufficient to show that Ratkovich *breached a duty reasonably owed to her employer*, i.e., she left the premises before the end of the work day without the permission of her employer. This is all the law requires.

Therefore, I would affirm the decision of the Review Board.