**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 20 2014, 10:32 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**CYNTHIA CONNER**
New Albany, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| C. C., )<br>)<br>Appellant-Petitioner, )<br>)<br>vs. )<br>)<br>REVIEW BOARD OF THE INDIANA )<br>DEPARTMENT OF WORKFORCE )<br>DEVELOPMENT and WAL-MART )<br>ASSOCIATES, )<br>)<br>Appellees-Respondents. ) | No. 93A02-1304-EX-375 |

APPEAL FROM THE REVIEW BOARD OF THE
DEPARTMENT OF WORKFORCE DEVELOPMENT
The Honorable Steven F. Bier, Chairperson
Cause No. 13-R-925

**February 20, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

<u>STATEMENT OF THE CASE</u>

Appellant-Petitioner, Cynthia D. Conner (Conner), appeals the decision of the Unemployment Insurance Review Board of the Indiana Department of Workforce Development (the Board) that Conner is ineligible for unemployment compensation benefits following her termination by Appellee-Respondent, Wal-Mart Associates, Inc. (Wal-Mart).

We affirm.

<u>ISSUE</u>

Conner raises one issue on appeal, which we restate as the following: Whether there is sufficient evidence to support the Board's determination that Conner is ineligible for unemployment compensation benefits because she was discharged for just cause.

<u>FACTS AND PROCEDURAL HISTORY</u>

On August 25, 2007, Conner began working for Wal-Mart in New Albany, Indiana. On July 7, 2012, Conner's supervisor instructed her to clean up her work area. Conner went into the personnel office to speak with another employee and to retrieve a new broom. Believing Conner had stated that her task was a job for the maintenance crew and that she was refusing to comply, Conner's supervisor and the store manager met Conner in the office to address the situation. When confronted, Conner began screaming and refused to calm down. Other store employees were present as Conner argued with the supervisors, and the yelling also drew the attention of customers, who were concerned as to "what was

2

going on." (Transcript p. 8). Conner was directed to clock out and leave the store. When Conner arrived to begin her shift the following day, Wal-Mart terminated her for insubordination.

Conner filed a claim for unemployment compensation benefits with the Indiana Department of Workforce Development (the DWD). On October 17, 2012, the DWD found Conner was eligible for unemployment benefits because Wal-Mart did not have just cause to terminate her. On October 29, 2012, Wal-Mart appealed the DWD's decision. On January 10, 2013, an administrative law judge (ALJ) conducted a hearing and affirmed the DWD's eligibility determination.

On January 28, 2013, the Board, *sua sponte*, vacated the ALJ's decision because of transcription issues and ordered a new hearing. A different ALJ conducted a hearing, and on February 22, 2013, the ALJ issued a decision reversing the DWD, finding that Wal-Mart had "presented sufficient evidence to establish that [Conner] was insubordinate to an extent justifying discharge." (Exh. p. 32). Conner was denied unemployment compensation benefits. On March 26, 2013, the Board adopted the ALJ's decision.

Conner now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

I. *Waiver*

Conner, who is appealing *pro se*, filed an appellant's brief that entirely fails to comply with the Indiana Rules of Appellate Procedure, including that her arguments are

3

not "supported by cogent reasoning" with appropriate citations to legal authority.[1]  Ind. Appellate Rule 46(A)(8)(a).  On August 29, 2013, the Board filed a motion to dismiss Conner's appeal or, alternatively, to require that Conner file a conforming brief.  On October 10, 2013, this court held the Board's motion in abeyance for consideration by the writing panel.  On December 30, 2013, Conner filed a reply brief.  However, the contents of this brief are also wholly inadequate as the argument section consists solely of Conner's version of events leading to her termination; it contains no standard of review or citations to authority.  *See* App. R. 46(C).

A *pro se* appellant is bound by the procedural rules in the same manner as a licensed attorney.  *Ramsey v. Review Bd. of Ind. Dep't of Workforce Dev.*, 789 N.E.2d 486, 487 (Ind. Ct. App. 2003).  It is not the role of this court to act as an advocate for a *pro se* party or address arguments that are "too poorly developed or improperly expressed to be understood." *Id.*  Accordingly, where a party's non-compliance with the appellate rules is so substantial as to impede our review, we will consider her alleged errors waived.  *Id.*  In this case, as both of Conner's briefs disregard nearly every applicable provision of Appellate Rule 46, it would be well within our province to find she has waived her argument for appeal.  However, it is well-established that our court prefers to decide cases based on their merits.  *Moore v. Review Bd. of Ind. Dep't of Workforce Dev.*, 951 N.E.2d

---

[1] In Conner's one-page brief, her facts are as follows:  "It was stated that[] I said something that was never stated by me[,]" and the argument section is simply:  "I did not use vulgar or profane language towards any person or persons[,] nor[] was I any louder than spoken to.  I was originally terminated for telling [the department] manager I would not do it, and that it was maintenance."  (Appellant's Br. p. 1).

4

301, 306 (Ind. Ct. App. 2011). Because we discern the gist of Conner's claim, we elect to consider the merits of this case, waiver notwithstanding.[2]

## II. *Standard of Review*

Pursuant to the Indiana Compensation Act (Act), "[a]ny decision of the [Board] shall be conclusive and binding as to all questions of fact." Ind. Code § 22-4-17-12(a). When the Board's decision is challenged as contrary to law, we must consider whether there is sufficient evidence to support the Board's factual findings and whether there are sufficient facts to sustain the decision. *S.S. LLC v. Review Bd. of Ind. Dep't of Workforce Dev.*, 953 N.E.2d 597, 602 (Ind. Ct. App. 2011). On review, "(1) findings of basic fact are reviewed for substantial evidence; (2) findings of mixed questions of law and fact— ultimate facts—are reviewed for reasonableness; and (3) legal propositions are reviewed for correctness." *Recker v. Review Bd. of Ind. Dep't of Workforce Dev.*, 958 N.E.2d 1136, 1139 (Ind. 2011). Accordingly, we will affirm the Board's decision if there is substantial evidence to support its findings and if the decision is reasonable in light of those findings. *Coleman v. Review Bd. of Ind. Dep't of Workforce Dev.*, 905 N.E.2d 1015, 1019 (Ind. Ct. App. 2009). We do not assess witness credibility or reweigh evidence, and we consider only the evidence most favorable to the Board's decision. *Id.*

## III. *Eligibility*

---

[2] The violations of the appellate rules in this case are extensive. Although we have decided to address this case on its merits, we note that parties should not expect that this court will excuse such defects in the future. It is imperative that parties, at the very least, "make good faith efforts to substantially comply with the rules [of appellate procedure]" or risk having their arguments waived. *Terpstra v. Farmers & Merchants Bank*, 483 N.E.2d 749, 752 (Ind. Ct. App. 1985), *trans. denied.*

Conner seeks to have her unemployment benefits reinstated, apparently claiming there is insufficient evidence to support the Board's determination that she was discharged for just cause. The Act is intended "to provide for payment of benefits to persons unemployed through no fault of their own." I.C. § 22-4-1-1. Individuals discharged from "employment for just cause" are ineligible for unemployment benefits. I.C. § 22-4-15-1.

"Insubordination may be a proper basis for just discharge." *Scholl v. Review Bd. of Ind. Emp. Sec*, 461 N.E.2d 691, 692 (Ind. Ct. App. 1984). Factors to be considered in determining whether the insubordination justified termination include the vulgarity and severity of the language, the number and length of outbursts, the presence of other employees, whether the outbursts were directed to a supervisor, and whether the conduct was provoked. *Id.* In this case, Conner testified during the hearing that she is "a loud person[,]" but "everybody was screaming in there because at one point they told me to quit screaming. I said you're yelling at me." (Tr. p. 18). The ALJ found Conner had been warned on previous occasions concerning her interactions with supervisors and that Conner "was not provoked into the insubordination." (Exh. p. 32). Furthermore, the record also includes evidence that Conner's yelling went on for at least ten minutes, she argued with her supervisors in the presence of other employees, and her outbursts caused customers to complain. Therefore, we find that, in affirming the ALJ, the Board had substantial evidence to conclude that Conner's insubordination merited discharge.

CONCLUSION

6

Based on the foregoing, we conclude that there is sufficient evidence to support the Board's determination that Wal-Mart terminated Conner's employment for just cause, thus disqualifying her from unemployment compensation benefits.

Affirmed.

VAIDIK, C.J. and MAY, J. concur