**FOR PUBLICATION**

APPELLANT PRO SE:

**T. B.**
Granger, Indiana

ATTORNEYS FOR APPELLEE
REVIEW BOARD:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**STEPHANIE L. ROTHENBERG**
Deputy Attorney General
Indianapolis, Indiana

FILED

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| T.B., | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1112-EX-1143 |
| | ) | |
| REVIEW BOARD OF THE INDIANA | ) | |
| DEPARTMENT OF WORKFORCE | ) | |
| DEVELOPMENT and A.R., | ) | |
| | ) | |
| Appellees-Respondents. | ) | |

APPEAL FROM THE REVIEW BOARD
OF THE DEPARTMENT OF WORKFORCE DEVELOPMENT
Case No. 11-R-05612

**November 8, 2012**

**OPINION - FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

The Indiana Department of Workforce Development ("DWD") determined that T.B. was ineligible for unemployment benefits, and she appealed. A DWD administrative law judge ("ALJ") set a telephone hearing for her appeal, but T.B. failed to provide a phone number where she could be reached for the hearing, and the ALJ dismissed her appeal. T.B. requested reinstatement of her appeal, but the DWD director of unemployment insurance appeals denied her request, finding that she failed to show good cause for reinstatement. She appealed the denial of her request for reinstatement to the DWD Review Board ("Review Board"), but it affirmed the denial. T.B. now appeals the Review Board's decision. Concluding that the Review Board properly found that T.B. failed to show good cause, we affirm.

**Facts and Procedural History**

T.B.[1] was terminated from her employment with A.R. T.B. filed a claim for unemployment benefits with the DWD. A claims deputy found that T.B. was ineligible for unemployment benefits because she was discharged for just cause. T.B. timely appealed. An ALJ set her appeal for a hearing on November 1, 2011, and sent T.B. a "Notice of Hearing," an "U.I. Appeals Hearing Instructions" sheet ("Instruction Sheet"), and an "Acknowledgment Sheet." Exs. 3-6.

---

[1]  "Identities of the claimant and employing unit are generally subject to the confidentiality requirements prescribed in Indiana Code section 22-4-19-6(b) (2007). This confidentiality requirement is expressly implemented as to judicial proceedings by Indiana Administrative Rule 9(G)(l)(b)(xviii)." *J.M. v. Review Bd. of Ind. Dep't of Workforce Dev.*, No. 93S02-1203-EX-138, 2012 WL 4905908 at *1 n.1 (Ind. Oct. 17, 2012).

The Notice of Hearing provided in relevant part,

Place of Hearing:    BY TELEPHONE (you will receive a call from the Judge at the number you provide on the Acknowledgment Sheet)

…

## IMPORTANT INFORMATION ABOUT THIS PROCESS

- To participate in this hearing, you **MUST** deliver the enclosed **Acknowledgment Sheet** to the Appeals office by mail, fax, or in person.
- List only **ONE** telephone number on the **Acknowledgment Sheet**. At the scheduled date and time of your hearing the judge will call **YOU** at **THIS** telephone number.
- ….
- Other **IMPORTANT INFORMATION** is provided in the enclosed **U.I. APPEALS HEARING INSTRUCTIONS** sheet.
- If you have any questions, contact the Appeals office by telephone at (260) 745-XXXX Ext XXX

Ex. 4.

The Instruction Sheet read in relevant part:

**BEFORE THE DATE OF THE HEARING**
**Contact Number:** Provide the judge **ONE** contact telephone number to reach you for the hearing on the enclosed Acknowledgment Sheet. Deliver this sheet by mail, fax, or in person **AT LEAST** **24 hours prior to the hearing**.

Ex. 5.

The Acknowledgement Sheet was labeled at the top as follows:

**Please return this Acknowledgment Sheet**

Ex. 6. The Acknowledgment Sheet included boxes for the claimant to check whether he or she would participate in the hearing, would not participate in the hearing, or wished to withdraw the appeal. Below the boxes, it read: "**Note:** This page must be returned in the

3

enclosed self-addressed envelope, or faxed to (260) 446-XXXX." In the middle of the page

was a line for the claimant's name and a line for the "Telephone Number for Hearing." *Id.*

At the bottom of the page, a large, bolded box read,

## <u>IMPORTANT</u>

If you do not appear at the hearing, the administrative law judge could issue a decision that would be unfavorable to you.

**FOR THE CLAIMANT:** You may have to pay back benefits you have received.

*Id.*

T.B. did not return the Acknowledgment Sheet. The November 1 docket entry for the

ALJ provides, "No return slip in file prior to hearing for [claimant]/appellant. Per instruction

searched file and no tele[phone] # found for cl/app as of 11:30." Ex. 8. For that reason, no

hearing was held, and the ALJ dismissed T.B.'s appeal. T.B. received a notice of dismissal,

informing her that she had failed to participate in the appeal hearing, and therefore her appeal

was dismissed. The notice of dismissal informed T.B. that she could request reinstatement,

and that such a request "must show good cause why the appeal should be reinstated." Ex. 10.

T.B. timely submitted her request for reinstatement, in which she wrote,

I got confused on what the procedure was. I waited all day Tuesday November 1st for the phone call for the trial. Then I got this letter. I did not realize I had to confirm the meeting for it to happen. Can you please reconsider another appeal date. I misunderstood what to do. I did not mean to mess it up. So if I can have another chance I would be grateful.

Ex. 11.

4

The director of unemployment insurance denied T.B.'s request for reinstatement, concluding as follows: "It is the responsibility of the appealing party to submit a contact number. The appealing party did not submit a contact number and that does not constitute good cause for reinstatement." Ex. 13.

T.B. timely appealed the denial of reinstatement to the Review Board, writing,

> I am asking for another chance for a hearing. My life depends on this. I really did misunderstand on what to do. I got a letter saying the hearing was Nov. 1st so I sent my information in once already. So I guess to send it again made no sence [sic] and that['s] where the mix up happened. Please give me another chance I beg you guys. I didn't just not do it. I didn't realize what I was suppose[d] to do. And that['s] why you never got my phone number sent in. I am looking so hard to find a job and I['m] not having any luck. So please I['m] a single mom of 3 kids and X Mas is close. I just beg for one more chance at a hearing. I got let go for my car overheating and did a[n] awesome job for my company. They should of never let me go. So I need to fight that. It was wrong what they did to me.

Appellee's App. at 1-2. The Review Board affirmed the denial of T.B.'s request for reinstatement.

## Discussion and Decision

This is an appeal from the Review Board's denial of T.B.'s request to reinstate her appeal of the denial of her claim for unemployment benefits. T.B.'s claim is governed by the Indiana Unemployment Compensation Act ("the Act"). The Act provides unemployment benefits to individuals who are "unemployed through no fault of their own." Ind. Code § 22-4-1-1. Under the Act, an individual is disqualified for unemployment benefits if he or she is discharged for "just cause." Ind. Code § 22-4-15-1(a).

5

The Act provides that any decision of the Review Board shall be conclusive and binding as to all questions of fact. Ind. Code § 22-4-17-12(a). When the Review Board's decision is challenged as being contrary to law, our review is limited to a two-part inquiry into: "(1) the sufficiency of the facts found to sustain the decision; and (2) the sufficiency of the evidence to sustain the findings of facts." *McClain v. Review Bd. of Ind. Dep't of Workforce Dev.*, 693 N.E.2d 1314, 1317 (Ind. 1998) (quoting Ind. Code § 22-4-17-12(f)). Applying this standard, we review "(1) determinations of specific or 'basic' underlying facts, (2) conclusions or inferences from those facts, sometimes called 'ultimate facts,' and (3) conclusions of law." *Id*. The Review Board's findings of basic fact are subject to a "substantial evidence" standard of review. *Id*. In conducting our analysis, we neither reweigh evidence nor judge witness credibility; rather, we consider only the evidence most favorable to the Review Board's findings. *Id*. The Review Board's conclusions regarding ultimate facts involve an inference or deduction based on the findings of basic fact, and we typically review them to ensure that the Review Board's inference is "reasonable" or "reasonable in light of its findings." *Id*. at 1317-18 (citation and quotation marks omitted). We review the Review Board's conclusions of law using a de novo standard. *Ind. State Univ. v. LaFief*, 888 N.E.2d 184, 186 (Ind. 2008).

We observe that T.B. appeals pro se, and we stress that we hold pro se litigants to the same standard as trained attorneys. *T.R. v. Review Bd. of Ind. Dep't of Workforce Dev.*, 950 N.E.2d 792, 795 (Ind. Ct. App. 2011), *aff'd on reh'g*, 956 N.E.2d 741. Although T.B. is appealing from the denial of her request for reinstatement of her appeal, she fails to present

6

any argument that the Review Board erred in denying her request. Instead, she argues that she was not discharged for just cause. However, that issue is not properly before us. By failing to address the denial of her request for reinstatement, T.B. has waived her appeal. *See* Ind. Appellate Rule 46 (A)(8)(a) ("The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22."); *Loomis v. Ameritech Corp.*, 764 N.E.2d 658, 668 (Ind. Ct. App. 2002) (failure to present a cogent argument waives that issue for appellate review), *trans. denied*.

Waiver notwithstanding, an argument that the Review Board erred in denying her request for reinstatement would fail. A request for reinstatement will be granted or denied at the discretion of the director of unemployment insurance appeals, or the director's designee. 646 Ind. Admin. Code 5-10-6. The party requesting reinstatement "must show good cause for the appealing party's failure to appear for the hearing." *Id.*

The unemployment insurance appeals director concluded that T.B. "did not submit a contact number and that failure does not constitute good cause for reinstatement." Ex. 13. T.B. claimed that she did not understand that she needed to confirm the hearing and provide her phone number. However, she does not contend that she did not receive the Notice of Hearing and the accompanying documents. The Notice of Hearing clearly stated that to participate in the hearing, she was required to send the appeals office the Acknowledgement Sheet with one telephone number where she could be reached. The Instruction Sheet directed

T.B. to put a telephone number on the Acknowledgement Sheet and send it to the appeals office. The Acknowledgment Sheet read, "Please return this Acknowledgment Sheet." Ex. 6. The importance of returning the Acknowledgment Sheet was clearly emphasized with the use of capital letters, underlining, and bolding. In addition, a self-addressed envelope for the Acknowledgement Sheet was enclosed. Accordingly, we conclude that the Review Board properly denied T.B.'s request for reinstatement.

Affirmed.

BAILEY, J., concurs.

RILEY, J., concurs in result with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| T. B., | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1112-EX-1143 |
| | ) | |
| REVIEW BOARD OF THE INDIANA | ) | |
| DEPARTMENT OF WORKFORCE | ) | |
| DEVELOPMENT and A.R., | ) | |
| | ) | |
| Appellees-Respondents. | ) | |

**RILEY, Judge, concurring in result**

While I agree with the majority's decision to affirm the Review Board's decision, I write separately to address the majority's refusal to identify the respective parties by their complete names. In support of its use of initials, the majority relies on a footnote included in the recent supreme court's opinion of *J.M. v. Review Bd. of Ind. Dep't of Workforce Dev.*, 2012 WL 4905908, n. 1 (Ind. Oct. 17, 2012). In its footnote, the court noted that this method of identification is a confidentiality requirement which "is expressly implemented as to judicial proceedings by Indiana Administrative Rule 9(G)(1)(b)(xviii)." However, as is well

9

established "our supreme court does not decide important questions of law in footnotes." *See, e.g., Molden v. State*, 750 N.E.2d 301 (Ind. Ct. App. 2011). As such, this footnote does not invalidate the thoughtful on-point analysis by Judge Baker in *Moore v. Review Bd. of Ind. Dep't of Workforce Dev.*, 951 N.E.2d 301, 304-06 (Ind. Ct. App. 2011) about the use of initials to identify the respective parties in cases involving the Review Board. In *Moore*, this court held that the amendment to Administrative Rule 9(G), which incorporates by reference I.C. § 22-4-19-6, does not prohibit the use of full names of parties in routine appeals from the Review Board. *See Id*. at 306. With this proviso in mind, I agree with the majority that Tori Balog failed to show good cause for reinstatement of her employment at Arg Resources, LLC.