# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**JAY MEISENHELDER**
Employment & Civil Rights Legal Services
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
REVIEW BOARD:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KYLE HUNTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| BRADLEY D. BENARD, <br>     Appellant-Claimant, | ) <br> ) <br> ) |
| vs. | ) <br> ) |
| REVIEW BOARD OF THE INDIANA <br> DEPARTMENT OF WORKFORCE <br> DEVELOPMENT, <br>     Statutory Appellee,[1] | ) <br> ) <br> )    No. 93A02-1303-EX-237 <br> ) <br> ) |
| and | ) <br> ) |
| ROLLS-ROYCE CORPORATION, <br>     Appellee-Employer. | ) <br> ) |

FILED

CLERK
of the supreme court,
court of appeals and
tax court

APPEAL FROM THE REVIEW BOARD
OF THE DEPARTMENT OF WORKFORCE DEVELOPMENT
The Honorable Steven F. Bier, Chairperson
The Honorable George H. Baker and The Honorable Larry A. Dailey, Members
Case No. 13-R-00518

**October 8, 2013**

**OPINION - FOR PUBLICATION**

**KIRSCH, Judge**

---

[1] "In every appeal from a decision of the Review Board of the Indiana Department of Workforce Development, the Board 'shall be made a party appellee.'" *Recker v. Review Bd. of Ind. Dep't of Workforce Dev.*, 958 N.E.2d 1136, 1136 (Ind. 2011) (quoting Ind. Code § 22-4-17-12(b)).

Bradley D. Benard ("Benard")[2] appeals from an adverse determination of his claim for unemployment benefits by the Unemployment Insurance Review Board ("Review Board") of the Indiana Department of Workforce Development ("the Department") contending that the evidence does not support the conclusion that he was discharged for just cause.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Benard worked for Rolls-Royce Corporation ("Rolls-Royce"), an aircraft engine manufacturer, as a machine repair electrician from September 16, 1996 until the time of his discharge on August 20, 2012. Rolls-Royce discharged Benard for leaving a threatening message on a fellow employee's voicemail.

More specifically, on the evening of August 16, 2012, Benard left a voicemail message for N.H., Benard's team leader. The message was laced with profanity, and included passages in which Benard, who identified himself in the phone message, called

---

[2] The amendment to Administrative Rule 9(G), which incorporates by reference Indiana Code section 22-4-19-6, does not prohibit the use of full names of parties in routine appeals from the Review Board where it is essential to (1) the resolution of litigation; or (2) the establishment of precedent or development of the law. *Moore v. Review Bd. of Ind. Dep't of Workforce Dev.*, 951 N.E.2d 301, 305-06 (Ind. Ct. App. 2011). We also acknowledge our Supreme Court's resolution of an issue involving confidentiality of the identities of parties to such an appeal in *Recker*, 958 N.E.2d 1136. In *Recker*, the supreme court noted that Indiana Administrative Rule 9(G) provides that when information is presented in court proceedings open to the public, such as judicial proceedings, "the information shall remain excluded from public access *only* if a party or a person affected by the release of the information, prior to or contemporaneously with its introduction into evidence, affirmatively requests that the information remain excluded from public access." 958 N.E.2d at 1138 n4 (quoting Admin. R 9(G)(1.2)(emphasis added)). Here, the decisions subject to our review were labeled "Confidential Record" with citations to the Indiana Code. Benard's Appellant's Case Summary indicates in the affirmative that the entire trial court or agency record was sealed or excluded from public access, citing Indiana Administrative Rule 9(G)(1)(b)(xviii) ("All records of the Department of [W]orkforce Development as declared confidential by Ind. Code § 22-4-19-6."). Nonetheless, the cover of the Appellant's Appendix contains the full name of the claimant and the full name of the employer. Initials were used in some instances in the briefs. However, in the absence of an affirmative request for continued confidentiality of the identities of the employee and the employing entity, we fully identify the parties. *Recker*, 958 N.E.2d at 1138 n4.

2

N.H. derogatory names. The message included statements such as "you better pray we never cross paths in the street," "that's not a threat, it's a promise," and "I want to bite your throat out and spit it into your mouth." *Appellant's App.* at ii. N.H., who was "very disturbed by it," brought the recording to Rolls-Royce's attention. *Tr.* at 6. Benard had grown increasingly upset over what he perceived to be his supervisor's decision not to support or promote one of Benard's suggestions to management. If the suggestion had been adopted or accepted for use by Rolls-Royce, Benard could have received an incentive payment.

After his discharge, Benard filed a claim for unemployment benefits. The claims deputy for the Department found that Benard was discharged for just cause and denied him benefits. Benard appealed that denial on November 8, 2012. A hearing was held before an administrative law judge ("the ALJ") on January 15, 2013. The ALJ reversed the decision of the claims deputy, finding Benard eligible for benefits, having not been discharged for just cause in connection with work. Rolls-Royce appealed the ALJ's decision to the Review Board. The Review Board reversed the ALJ's decision and found that Benard was ineligible for benefits because he had been discharged for just cause. Benard now appeals. Additional facts will be supplied.

**DISCUSSION AND DECISION**

Benard contends that we must reverse the decision of the Review Board on the following grounds:

> First, because Rolls-Royce failed to meet its burden of proving that B.B. was discharged for just cause; second, because the Review Board erred in concluding that Rolls-Royce did not have to prove just cause under its rule, because B.B.'s actions were, allegedly, "unlawful," and finally, because even *if*

3

> B.B. threatened his co-workers, the Review Board did not find, based on substantial evidence, that B.B. owed a duty *in connection with work* to refrain from threatening his co-workers.

*Appellant's Br*. at 4 (emphasis in original).

> The standard of review on appeal of a decision of the Board is threefold: (1) findings of basic fact are reviewed for substantial evidence; (2) findings of mixed questions of law and fact—ultimate facts—are reviewed for reasonableness; and (3) legal propositions are reviewed for correctness. *McClain v. Review Bd. of Ind. Dep't of Workforce Dev.*, 693 N.E.2d 1314, 1318 (Ind. 1998). Ultimate facts are facts that "involve an inference or deduction based on the findings of basic fact." *Id.* at 1317. Where such facts are within the "special competence of the Board," the Court will give greater deference to the Board's conclusions, broadening the scope of what can be considered reasonable. *See id*. at 1318.

*Recker*, 958 N.E.2d at 1139. We do not reweigh the evidence or assess the credibility of witnesses and consider only the evidence most favorable to the Review Board's findings. *McHugh v. Review Bd. of Ind. Dept. of Workforce Dev.*, 842 N.E.2d 436, 440 (Ind. Ct. App. 2006). We will reverse the Review Board's decision only if there is no substantial evidence to support the Board's findings. *Id.*

Benard was denied unemployment benefits because he was found to have been discharged for just cause. Indiana Code section 22-4-15-1 provides that a claimant is ineligible for unemployment benefits if he is discharged for just cause. When a claimant is denied benefits, he bears the burden of showing error. *Russell v. Review Bd. of Ind. Dep't of Emp't & Training Servs*, 586 N.E.2d 942, 947 (Ind. Ct. App. 1992). Should the employer allege that a discharged employee who was seeking unemployment benefits was discharged for just cause, the employer bears the burden of establishing a prima facie case of showing just cause. *Id.* at 947-48. If the employer makes that showing, the burden then shifts to the

4

employee to produce evidence rebutting the employer's case. *Id.* at 948. Further, "the determination of whether an employer had just cause to discharge an employee for purposes of determining the employee's eligibility for unemployment compensation benefits is a question of fact for the [Review] Board to determine in each case on its particular facts; the [Review] Board's decision regarding all questions of fact is conclusive and binding on an appellate tribunal if supported by the evidence." *Id.*

Indiana Code section 22-4-15-1(d)(9) defines "discharge for just cause" as including but not limited to "any breach of duty in connection with work which is reasonably owed an employer by an employee." In *Hehr v. Review Board of the Indiana Employment Security Division*, 534 N.E.2d 1122, 1126 (Ind. Ct. App. 1989), we acknowledged the following:

> We realize that the "breach of duty" ground for just discharge is an amorphous one, without clearly ascertainable limits or definition, and with few rules governing its utilization. As such, it is subject to potential abuse by an employer as a convenient ground upon which to justify a discharge, unless the Board carefully exercises its discretion and limits its application where necessary. In considering whether an employer may utilize this provision as a basis for justifying its action, the Board should consider whether the conduct which is said to have been a breach of a duty reasonably owed to the employer is of such a nature that a reasonable employee of the employer would understand that the conduct in question was a violation of a duty owed the employer and that he would be subject to discharge for engaging in the activity or behavior.

Further, the Review Board is afforded wide latitude to determine issues and hear theories not heard by the ALJ, and that latitude includes using any applicable statutory definition to find that a claimant was discharged for just cause. *Trigg v. Review Bd. of Ind. Emp't Sec. Div.*, 445 N.E.2d 1010, 1013 (Ind. Ct. App. 1983). Our review, therefore, is limited to whether the

Review Board made sufficient findings to support the decision it reached upon the definition it chose to apply. *Id.*

Benard claims that the Review Board's decision was not supported by sufficient findings under the definition of "just cause" found in Indiana Code section 22-4-15-1(d)(9). He argues that Rolls-Royce's failure to introduce into evidence a copy of "Shop Rule 20" was fatal to its position, and renders the Review Board's decision unsupported by sufficient findings. Rolls-Royce has a rule which prohibits "threatening, intimidating, coercing or interfering with employees or supervision at any time." *Tr.* at 5. Shop Rule 20 was not introduced as an exhibit in evidence, but was read into the record of the proceedings. The Labor Relations Representative for Rolls-Royce also stated that the reason behind the policy, which he claimed was uniformly applied to all employees, was to "maintain order and discipline so our[sic] and keep a work, work environment free from harassment and intimidating and threatening." *Id.* Benard, however, refused to stipulate to the contents of the rule.

Without regard to the evidentiary value of the work rule, we find that the Review Board reached a conclusion supported by sufficient findings. The record reflects that Rolls-Royce had an employee incentive program to promote employee suggestions that have positive effects on its business. Benard learned that his supervisor, N.H., had not recommended one of his suggestions to upper management. Upon learning this, Benard returned to work and "stewed on it all day long." *Id.* at 10. Benard became increasingly more irritated about the fact after he went home and began to drink alcoholic beverages.

Benard ultimately made the telephone call to N.H.'s work telephone and left the voicemail message. Benard claims that he bore no duty to Rolls-Royce to refrain from that behavior.

In *Smithson v. Review Board of Indiana Employment Security Division*, 446 N.E.2d 1014, 1016 (Ind. Ct. App. 1983), a case relied upon by the Review Board here, we concluded that employees owe a duty to their employers to refrain from particularly grievous acts such as fighting. We quoted from *Kilpatrick v. Unemployment Compensation Board of Review*, 429 A.2d 133, 134 (Pa. Commw. Ct. 1981), for the following proposition:

> "[P]articipation in a fight during working hours is willful misconduct, whether it is in violation of a stated company policy or not, since at a minimum it rises to the level of a disregard of justiciably expected standards of behavior and of the employer's interests. *Unemployment Compensation Board of Review v. Vojtas*, 23 Pa. Comwlth. 431, 351 A.2d 700 (1976)."

We reversed the Review Board's decision in *Smithson*, however, after finding that the Review Board had not addressed Smithson's claims of self-defense.

The Review Board, here, drew an analogy between the duty found in *Smithson*, to the situation where a "reasonable employee would innately know that he would be subject to discharge for threatening another employee." *Appellant's App.* at iii. We agree and find further support in *Yoldash v. Review Board of Indiana Employment Security Division*, 438 N.E.2d 310 (Ind. Ct. App. 1982). In *Yoldash*, we found that an employee was in violation of standards of behavior reasonably expected of him by his employer, and thus, discharged for just cause, by directing abusive and offensive language, such as "drunk," "suck-ass," "communist," and "fascist," toward superiors. 438 N.E.2d at 314-15. In the present case,

7

Benard's abusive and offensive language constituted the criminal offense of intimidation, and the Review Board correctly concluded as much. Ind. Code § 35-45-2-1.

Benard, on the other hand, argues that the Review Board's decision, as was the case in *Smithson*, should be reversed, because the Review Board failed to consider his defense, that of voluntary intoxication, such that he did not possess the *mens rea* required to place N.H. in fear of retaliation. First, voluntary intoxication is not a defense and "may not be taken into consideration in determining the existence of a mental state that is an element of the offense." Ind. Code § 31-41-2-5. Thus, Benard's defense he claims was overlooked, in fact, does not exist.

Benard contends that the decision should be reversed because there was no connection between his actions and his work. Benard correctly asserts that a duty to an employer must be "reasonably connected to work." 646 I.A.C. 5-8-6(a)(1). Accordingly, he claims, that in the absence of evidence that he or N.H. were at work at the time of the telephone call, Benard's behavior was not reasonably connected to work. We disagree.

Benard's own testimony established that his actions were in direct response to N.H.'s decision not to support his suggestion, which he had submitted to Roll-Royce's incentive program. Furthermore, Benard left the voicemail message on N.H.'s work telephone. Regardless of the time the call was placed, it is undisputed that the call concerned a matter connected to work. The record supports the Review Board's findings that Benard's actions were reasonably connected to work, that his discharge was for just cause, and that he was ineligible to receive unemployment benefits.

In sum, for each of the reasons stated above, we conclude that the Review Board made sufficient findings to support the decision it reached upon the definition of just cause it chose to apply.

Affirmed.

ROBB, C.J., and RILEY, J., concur.