**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**MICHAEL E. MATTINGLY**
Fishers, Indiana

ATTORNEYS FOR APPELLEES:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KYLE HUNTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL E.  MATTINGLY, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No.  93A02-1304-EX-383 |
| | ) | |
| REVIEW BOARD OF THE INDIANA | ) | |
| DEPARTMENT OF WORKFORCE | ) | |
| DEVELOPMENT, and MEIJER STORES | ) | |
| LIMITED PARTNERSHIP, | ) | |
| | ) | |
| Appellees-Respondents. | ) | |

APPEAL FROM THE REVIEW BOARD OF THE DEPARTMENT OF
WORKFORCE DEVELOPMENT
Cause No. 13-R-01529

**January 22, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

Case Summary and Issues

Michael Mattingly appeals the decision of the Review Board of the Indiana Department of Workforce Development ("Review Board") affirming the denial of unemployment benefits. The Review Board has filed both a motion to dismiss Mattingly's appeal alleging Mattingly's brief fails to comply with the appellate rules and an appellee's brief. In addition, Mattingly's reply brief has not been filed by the Clerk of the Appellate Courts. We conclude that Mattingly's appeal does not need to be dismissed and that his reply brief should be filed. However, we also conclude that the evidence supports the Review Board's conclusion that he was discharged for just cause, and we therefore affirm.

Facts and Procedural History

Mattingly was employed by a Meijer store in Fishers beginning in October of 2002. On November 10, 2012, Mattingly and another Meijer employee got into an altercation in the store parking lot. Mattingly was discharged from his employment because of this incident. Initially, a claims deputy declared Mattingly eligible for unemployment benefits. Meijer appealed that determination. A notice of hearing before an Administrative Law Judge ("ALJ") was mailed to Mattingly, instructing him that if he wished to participate in the hearing, he must deliver the enclosed Acknowledgement Sheet to the Unemployment Insurance Appeals office and list one telephone number the ALJ could call to reach him at the scheduled date and time. In addition, Mattingly was provided with a "U.I. Appeals Hearing Instructions" sheet which provides:

Contact Number: Provide the judge ONE contact telephone number to reach

2

you for the hearing on the enclosed Acknowledgement Sheet. . . . It is your responsibility to ensure that the judge has your contact telephone number. . . . If you have not returned the Acknowledgement Sheet with your telephone number, the judge may attempt to call you at the number provided on your appeal statement. However, the judge is not required to search for a valid contact number. . . .

Transcript of ALJ Hearing, Exhibit 3. Mattingly returned the Acknowledgement Sheet indicating that he would participate in the hearing, but he did not include a contact telephone number. Id., Exhibit 5. At the hearing, the ALJ noted that Mattingly was not participating, took testimony and evidence from Meijer's representative, and ultimately concluded that Mattingly was discharged for just cause and was not entitled to unemployment benefits because Meijer had a reasonable policy prohibiting workplace violence which was known to Mattingly and which he violated by directing threatening behavior and language toward a co-worker. Mattingly appealed the ALJ's decision to the Review Board, which adopted and affirmed the ALJ's decision, with an addendum noting Mattingly had failed to participate in the hearing without good cause. Mattingly now appeals.

## Discussion and Decision

### I. Procedural Issues

### A. Motion to Dismiss

In response to Mattingly's Brief, the Review Board filed a Motion to Dismiss alleging the brief fails to comply with the procedural and substantive requirements of Appellate Rule 46(A). The motion was held in abeyance and the Review Board was ordered to file its Appellee's Brief, if any, within thirty days of the order. The Review Board timely filed a brief on the merits, while also reasserting the claims in its Motion to Dismiss and arguing that

3

Mattingly has forfeited any and all issues in his appeal.

We acknowledge the shortcomings of Mattingly's brief, and we further acknowledge that pro se litigants are held to the same standard as trained legal counsel and are required to follow the same rules of procedure. See T.B. v. Review Bd. of Ind. Dep't of Workforce Dev., 980 N.E.2d 341, 345 (Ind. Ct. App. 2012). Although we do not excuse the deficiencies in Mattingly's brief, the substance of Mattingly's argument is apparent and we prefer to resolve cases that come before us on their merits when possible. T.R. v. Review Bd. of Ind. Dep't of Workforce Dev., 950 N.E.2d 792, 795 (Ind. Ct. App. 2011), aff'd on reh'g, 956 N.E.2d 741. Accordingly, the Review Board's Motion to Dismiss, previously held in abeyance, is denied, and we will consider the merits of Mattingly's appeal.

## B. Reply Brief

Mattingly tendered a reply brief to the Clerk's Office which was marked received but not filed. The Appellee's Brief was filed on November 7, 2013 and was served on Mattingly by U.S. Mail. Mattingly therefore had until November 25, 2013 to file a reply brief. See Ind. Appellate Rules 25(C) (three-day extension of filing deadline when served by mail) and 45(B)(3) (fifteen day deadline for filing reply brief). Mattingly's reply brief was timely received by the Clerk's Office on November 25, 2013. To the extent the reply brief was not filed for defects in form, we note that the Clerk's Office did not issue a notice of defect alerting Mattingly to the defects and offering him an opportunity to submit a corrected reply brief. Accordingly, the Clerk's Office is ordered to mark Mattingly's reply brief filed as of the date it was received, and we have considered the reply brief in rendering our decision.

## II. Substantive Issues

### A. Standard of Review

The Indiana Unemployment Compensation Act provides that any decision of the Review Board shall be conclusive and binding as to all questions of fact. Ind. Code § 22-4-17-12(a). By implication, this standard of review dictates that where, as here, the Review Board adopts and incorporates by reference the findings and conclusions of the ALJ and affirms the ALJ's decision without accepting additional evidence, we are bound by the ALJ's resolution of all factual issues. T.R., 950 N.E.2d at 795. When a decision of the Review Board is challenged, we inquire into "the sufficiency of the facts found to sustain the decision and the sufficiency of the evidence to sustain the findings of facts." Ind. Code § 22-4-17-12(f). In reviewing the determinations of basic underlying facts, we neither reweigh the evidence nor reassess witness credibility, but consider only the evidence most favorable to the Review Board's findings. J.M. v. Review Bd. of Ind. Dep't of Workforce Dev., 975 N.E.2d 1283, 1286 (Ind. 2012). We will reverse only if there is no substantial evidence of probative value to support the Review Board's findings. Id. We review "ultimate facts" – conclusions or inferences from the basic facts – for whether the Review Board's inference is reasonable. McClain v. Review Bd. of Ind. Dep't of Workforce Dev., 693 N.E.2d 1314, 1317-18 (Ind. 1998). We review the Review Board's conclusions of law using a de novo standard. T.B., 980 N.E.2d at 345.

### B. Due Process

Although the Review Board is allowed latitude in conducting its hearings, due process

must be given parties whose rights will be affected. Art Hill, Inc. v. Review Bd. of Ind. Dep't of Workforce Dev., 898 N.E.2d 363, 367 (Ind. Ct. App. 2008). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." NOW Courier, Inc. v. Review Bd. of Ind. Dep't of Workforce Dev., 871 N.E.2d 384, 387 (Ind. Ct. App. 2007). Whether a party was afforded due process in an unemployment proceeding is a question of law. Scott v. Review Bd. of Indiana Dep't of Workforce Dev., 725 N.E.2d 993, 996 (Ind. Ct. App. 2000).

The Review Board affirmed the ALJ's decision in this case with an addendum noting that Mattingly failed to participate in the hearing before the ALJ without good cause. There is no doubt that Mattingly received proper notice of the hearing, as he returned the Acknowledgement Sheet. However, despite clear instructions to provide a single telephone number at which he could be reached on the date and at the time of the hearing and despite warnings about the consequences of failing to do so, Mattingly did not provide a contact number to the ALJ. "[A] party to an unemployment hearing may voluntarily waive the opportunity for a fair hearing where the party received actual notice of the hearing and failed to appear or participate in the hearing." Art Hill, Inc., 898 N.E.2d at 368. Mattingly was given notice, had an opportunity to be heard, and voluntarily failed to participate in the hearing. We agree with the Review Board that because Mattingly was fully instructed in the requirements for participating in the hearing but failed to ensure the ALJ could reach him, he was not denied due process when the ALJ conducted a hearing without his participation.

6

## C. Discharge for Just Cause

Mattingly was denied unemployment benefits because he was found to have been discharged for just cause. See Ind. Code § 22-4-15-1(a) (providing that a claimant is ineligible for unemployment benefits if he is discharged for just cause). When a claimant is denied benefits, he bears the burden of showing error. Benard v. Review Bd. of Indiana Dep't of Workforce Dev., 997 N.E.2d 1077, 1080 (Ind. Ct. App. 2013). If the employer alleges that a discharged employee who is seeking unemployment benefits was discharged for just cause, the employer bears the burden of establishing a prima facie case of showing just cause. Id. If the employer makes that showing, the burden then shifts to the employee to produce evidence rebutting the employer's case. Id.

Indiana Code section 22-4-15-1(d)(2) defines "discharge for just cause" to include "knowing violation of a reasonable and uniformly enforced rule of an employer . . . ." Here, Meijer offered into evidence a written rule regarding workplace violence that is part of its company policies and procedures. All employees are directed to read these policies when they begin their employment. Meijer also offered into evidence a receipt Mattingly signed acknowledging that he had been given the company policies and that he had read and understood them. The Meijer representative testified that the workplace violence rule is enforced on all employees. The Meijer representative also testified that a customer had witnessed the incident in question and basically supported the other employee's version of events and that Mattingly had admitted to grabbing the other employee's arm and asking him to take the argument off-site. Meijer therefore met its burden of showing Mattingly was

7

discharged for just cause. Even had Mattingly participated in the hearing and testified to the version of events he has related in his appeal – for instance, that the other employee raised his fist first – he would not have rebutted Meijer's prima facie case of just cause in discharging him.

## Conclusion

Mattingly was afforded due process and a reasonable opportunity to participate in a telephonic hearing with the ALJ. The ALJ's decision that Mattingly was discharged for just cause is supported by substantial evidence and is reasonable. The Review Board's decision adopting the ALJ's findings and conclusions denying Mattingly unemployment benefits is therefore affirmed.

Affirmed.

BARNES, J., and BROWN, J., concur.