## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 30 2015, 7:51 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Brittany Veal
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Kristin Garn
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brittany N. Veal,

*Appellant-Claimant,*

v.

Indiana Department of Workforce Development,

*Appellee-Respondent.*

June 30, 2015

Court of Appeals Case No.
93A02-1411-EX-778

Appeal from the Review Board of the Department of Workforce Development

Case Nos. 14-R-1937, 14-R-1938, and 14-R-1939

**Najam, Judge.**

# Statement of the Case

Brittany Veal appeals the decision of the Indiana Department of Workforce Development Unemployment Insurance Review Board ("the Review Board") affirming an Administrative Law Judge's decision to suspend Veal's unemployment benefits and ordering her to repay benefits and assessing civil penalties. However, due to Veal's disregard of the appellate rules, we do not reach the merits of her appeal.

We dismiss.

# Facts and Procedural History

An Administrative Law Judge ("ALJ") for the Department of Workforce Development set out the facts and procedural history relevant to this appeal as follows:

> This matter addresses three different claims: 63163, 63165, and 63170. Each file addressed separate claims for unemployment benefits by the Claimant.
>
> The Claimant filed for unemployment benefits from the weeks ending June 4, 2011 through June 15, 2012, with the exception of the week ending June 11, 2011. The Department discovered that the Claimant had been working two jobs during that entire period. The Department requested and received documentation from the Employers concerning the Claimant's income during that time. The Claimant agreed that the amounts listed by the Department were the income that she received.
>
> The Claimant filed unemployment vouchers via computer. The Claimant did read the warning page when she initially filed for

benefits, which reads: "I understand that I must report all earnings from employment or self-employment regardless of source, including regular payroll." On that screen, the Claimant had to click on a button that declared that she agreed with the statement before she could file a claim for unemployment. Another screen that the Claimant had read again advised the Claimant that she must report all earnings.

The Claimant did not file for benefits for the week ending June 11, 2011. For each of the other weeks, the Claimant did file for benefits and did not report her income, even though on a weekly claim agreement the Claimant certified that she had reported "any and all work, earnings, and self-employment activity for this week, even though I may not have been paid." The Claimant also certified that "all answers and information given in this application for benefits are true and accurate."

On every voucher filed, the Claimant was required to answer questions about her claim. One question on the claims screen asked the Claimant "Did you work?" The Claimant answered "No" every week, even though she was working two jobs.

* * *

The Claimant stipulated to the [evidence of wages she had received from working the two jobs,] but asserts that Department representatives told her that if each paycheck did not rise above the benefit amount, she did not have to report it.

The testimony of the Claimant is found to be not credible and reliable. The Claimant admitted to certifying on each benefit voucher that she had reported all earnings, and that she had responded "no" to the question "Did you work?" The credibility of the Claimant is in doubt because of her answers to these questions.

Appellee's App. at 4-6. The ALJ ordered Veal "to repay all benefits received in the three claims," and the ALJ imposed civil penalties. *Id.* at 7. Veal appealed that decision to the Review Board, which affirmed the ALJ's decision. This appeal ensued.

## Discussion and Decision

[4] We do not address the merits of Veal's appeal. Veal's brief on appeal contains several violations of the appellate rules, and she failed to file an appendix. We recognize that Veal is proceeding pro se. Nonetheless, it is well settled that pro se litigants are held to the same standard as are licensed lawyers. *Goossens v. Goossens*, 829 N.E.2d 36, 43 (Ind. Ct. App. 2005).

[5] Veal's brief wholly fails to comply with Indiana Appellate Rule 46(A)(8)(a), which requires that the argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on. *Id.* Rule 46(A)(8)(a) is the most important of the appellate rules in that compliance with it is essential to this court's ability to address an appeal.

Here, Veal fails to set out her contentions in a coherent manner, and she does not present any cogent reasoning.[1] Indeed, Veal does not include citations to any legal authority in support of her contentions. And Veal does not support her bare allegations with citations to evidence in an appendix, which she did not file. Finally, Veal does not set out the appropriate standard of review on appeal, in violation of Rule 46(A)(8)(b).

Our review of Veal's appeal is so hampered by the deficiencies in her brief that we must dismiss the appeal. *See, e.g.*, *Galvan v. State*, 877 N.E.2d 213, 216 (Ind. Ct. App. 2007). We simply cannot discern Veal's contentions or argument beyond her general contentions that she did not intentionally lie on the unemployment vouchers she had submitted in seeking benefits. As we have explained above, an adequate brief on appeal requires more than contentions. Veal's substantial failure to comply with various appellate rules is not merely a technical violation but makes it virtually impossible to discern the merits of her appeal, let alone address them. This court will not fashion an argument on behalf of a party who fails to make an argument and support it with cogent reasoning and appropriate citations to authority and the record. *See Young v. Butts*, 685 N.E.2d 147, 151 (Ind. Ct. App. 1997). "A court which must search the record and make up its own arguments because a party has not adequately

---

[1] Veal appears to ask that we reweigh the evidence, which we will not do. *See, e.g.*, *T.B. v. Rev. Bd. of the Ind. Dept. of Workforce Dev.*, 980 N.E.2d 341, 345 (Ind. Ct. App. 2012).

presented them runs the risk of becoming an advocate rather than an adjudicator." *Id.*

[8] Dismissed.

Baker, J., and Friedlander, J., concur.