# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 21 2019, 8:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

M.A.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES

Curtis T. Hill, Jr.
Attorney General of Indiana

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

M.A.,

*Appellant-Petitioner,*

v.

Review Board of the Indiana Department of Workforce Development and Ascension Health,

*Appellees-Respondents.*

June 21, 2019

Court of Appeals Case No.
18A-EX-2571

Appeal from the Review Board of the Indiana Department of Workforce Development

The Honorable Steven F. Bier, Chairperson

The Honorable Lawrence A. Dailey, Member

The Honorable Shawn E. Richter, Administrative Law Judge

Application No.
18-R-985



**Najam, Judge.**

## Statement of the Case

M.A., *pro se*, appeals the decision of the Indiana Department of Workforce

Development Unemployment Insurance Review Board ("the Review Board")

affirming an administrative law judge's decision to deny M.A. unemployment benefits. However, M.A. makes no cogent argument and has failed to provide any citation to the record on appeal or to relevant case law. Accordingly, M.A. has not met her burden on appeal to demonstrate that the Review Board erred, and we affirm the Review Board's decision.

## Facts and Procedural History[1]

An administrative Law Judge ("ALJ") for the Indiana Department of Workforce Development set out the facts and procedural history relevant to M.A.'s appeal as follows:

> The Employer operates a healthcare business where [M.A.] worked in the accounts payable department from August 12, 2014, until [M.A.] quit as of June 29, 2018.
>
> In October of 2015[, M.A.] met with a supervisor who said "usually people from Africa are not intelligent but you are intelligent." [M.A.] told multiple co-workers, including human resources, about the statement. Everyone she told was apologetic and disapproved about the comment. The supervisor was eventually discharged in 2016 for an unknown reason.
>
> After that incident, [M.A.] regularly made comments at work about being unhappy at work and being discriminated against by co-workers. The discrimination statements were in reference to the 2015 statement. A supervisor met with [M.A.] and gave praise for her work and offered to be a reference if she wanted to

---

[1] We note that, in her brief, M.A. provided very few facts, and she has not provided any procedural history relevant to her appeal. *See* Ind. Appellate Rule 46(A)(6).

search for a new job. At another time, a co-worker told [M.A.] that she was making more money than [M.A.] even though [M.A.] had a degree. A supervisor who overheard the statement defended [M.A.] and immediately reproved the co-worker.

[M.A.] did not believe the company was at fault for her problems. The Employer attempted to offer [M.A.] a better position but [M.A.] was unable to move past the aforementioned comments. [M.A.] believed the Employer should have held company[-]wide training about racism, which never occurred. Due to the inability to move on from the comments, [M.A.] quit.

Appellant's App. at 6-7.

[3]     After M.A. left her job, she filed a claim for unemployment benefits, which was denied. Thereafter, the ALJ held a hearing at which M.A. appeared telephonically and presented evidence. Following the hearing, the ALJ concluded as follows:

The only inappropriate comment on the record that was motivated by race was the comment in October of 2015 about Africans. The comment was inappropriate and ignorant on its face. The only other known comment concerned pay rates among co-workers and not race. The employee who made the racial comment was no longer employed after 2016. [M.A.] continued to work for the Employer for two years. The comment about pay rates was inappropriate but not severe and pervasive.

[M.A.] held on to the statement about Africans and the statement about pay rate and used them as a basis for voluntary quit [sic]. When [M.A.] reported the issues[,] the evidence shows that she was met with nothing but support from the Employer. While there was no company[-]wide racism training as a result, the

evidence on the record falls short of demonstrating ongoing racism or harassment toward [M.A.] that the Employer failed to address.

*Id.* at 8. Accordingly, the ALJ concluded that M.A. had voluntarily quit her job without good cause in connection with the work and affirmed the denial of M.A.'s claim. M.A. appealed that decision to the Review Board, which adopted the ALJ's findings and conclusions and affirmed the ALJ's decision without a hearing. This appeal ensued.

## Discussion and Decision

M.A. appeals the denial of her claim for unemployment benefits. We first note that M.A. is proceeding *pro se*. "It is well settled that *pro se* litigants are held to the same legal standards as licensed attorneys. This means that *pro se* litigants are bound to follow the established rules of procedure and must be prepared to accept the consequences of their failure to do so." *Basic v. Amouri*, 58 N.E.3d 980, 983-84 (Ind. Ct. App. 2016) (internal citation omitted).

[4] The Indiana Appellate Rules require an appellant to include in her brief an argument section that "contain[s] the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citation to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on[.]" Ind. Appellate Rule 46(A)(8)(a). This is because cogent argument supported by adequate citation to authority "promotes impartiality in the appellate tribunal. A court which must search the record and make up its own arguments because a party has not adequately presented them

runs the risk of becoming an advocate rather than an adjudicator." *Young v. Butts*, 685 N.E.2d 147, 151 (Ind. Ct. App. 1997). We will not address arguments so poorly developed or expressed that they cannot be understood. *Basic*, 58 N.E.3d at 984 (quotation marks omitted).

[5] Here, M.A.'s brief on appeal wholly fails to comply with Indiana Appellate Rule 46(A)(8)(a). M.A. fails to set out her contentions supported by cogent reasoning. Indeed, M.A. does not discuss the Review Board's findings and conclusions, nor does she provide any argument to explain why the Review Board's findings and conclusions are erroneous. Further, M.A. does not provide a single citation to the record. And M.A. does not cite any case law, let alone relevant case law. The only legal authority to which M.A. cites is Title VII of the Civil Rights Act of 1964. However, M.A. does not explain why that statute applies to her case or otherwise explain why the Employer violated her rights under that statute.[2] As a result of her noncompliance with the appellate rules, M.A. has failed to meet her burden on appeal to demonstrate that the Review Board erred, and we affirm the Review Board's decision.[3] *See Basic*, 58 N.E.3d at 984.

---

[2] We also note that M.A. has failed to outline our standard of review in violation of Indiana Appellate Rule 46(A)(8)(b).

[3] To the extent we can discern M.A.'s argument, it appears to simply be a request that we reweigh the evidence, which we cannot do. *See T.B. v. Rev. Bd. of Ind. Dep't of Workforce Dev.*, 980 N.E.2d 341, 345 (Ind. Ct. App. 2012).

Affirmed.

Baker, J., and Robb, J., concur.